Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
and
John Maston O'Neal, Esq.
Nevada Bar No. 5730
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
Attorneys for Defendant
Data Financial Business Services, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHUFFLE MASTER, INC., a Minnesota corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>DATA FINANCIAL BUSINESS SERVICES, INC., a Wisconsin corporation,<br><br>            Defendant. | NO. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Data Financial Business Services, Inc. ("Data Financial" or "Defendant") hereby gives notice of removal of the civil action captioned <u>Shuffle Master, Inc. v. Data Financial Business Services, Inc.</u>, A560080, from the District Court of Clark County, Nevada to the United States District Court for the District of Nevada. Defendant files this Notice pursuant to 28 U.S.C. § 1446(a). Attached hereto as Exhibit "A" are copies of the filings in the state court action.

As grounds for removal of this action, Defendant states as follows:

1. Defendant was served with the complaint in this matter (the "Complaint") on April 8, 2008. Defendant asserts, however, that service was defective.

2. Defendant is the only defendant named in this action, and therefore, all defendants consent to removal of this action.

3. This Notice of Removal is timely filed within thirty (30) days of Defendant's receipt of the Complaint, as required by 28 U.S.C. § 1446(b).

4. Defendant has not pled, answered, or otherwise appeared in the state court action.

5. Defendant hereby reserves all defenses, including but not limited to, its defense of improper service of process.

6. Removal is proper under 28 U.S.C. § 1446(a) because the district court has original jurisdiction over this action. This action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Id. § 1332(a).

7. Written notice of the filing of this Notice of Removal has been delivered to Plaintiff through Plaintiff's counsel of record. A copy of this Notice will forthwith be filed with the Clerk of the District Court of Clark County, Nevada. A copy of the Notice of Removal to be filed in the Clark County District Court, without exhibits, is attached hereto as Exhibit "B".

## DIVERSITY OF CITIZENSHIP

8. For purposes of diversity jurisdiction, a corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place of business. Id. § 1332(c)(1).

9. Plaintiff Shuffle Master is a Minnesota corporation, whose principal place of business is in Las Vegas, Nevada. (See Compl. ¶ 2.)

2

10. Defendant Data Financial is a Wisconsin Corporation, whose principal place of business is in Milwaukee, Wisconsin. (See id. ¶ 3.)

11. As Plaintiff and Defendant are completely diverse, the parties satisfy the diversity of citizenship requirement set forth in 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

12. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1997)).

13. Plaintiff seeks declaratory relief against Data Financial pursuant to N.R.S. § 30.010 et seq. Specifically, Plaintiff requests the court to declare that it has properly terminated the parties' Data Financial dealership and that it has no continuing obligations under the Wisconsin Fair Dealership Law ("WFDL"). The subject of the declaration is Defendant Data Financial's right to continue its appointment for Shuffle Master products. That dealership appointment is valued far in excess of the $75,000 jurisdictional requirement. Indeed, if the court determines that Plaintiff has properly terminated the dealership and has complied with the WFDL, Data Financial will suffer recompensable losses of at least $2.5 million in damages. See Declaration of James Holtz, attached hereto as Exhibit "C".

14. Data Financial's calculation of its recompensable damages is calculated and projected from the gross profits that Data Financial will lose if the court declares that Plaintiff has complied with the WFDL. Based upon Data Financial's regularly kept business records, which memorialize the transactions between Data Financial and Shuffle Master pursuant to the parties' dealership agreement, between 2003 and 2007, Data Financial purchased more than

3

$8,000,000 of products from Shuffle Master under such agreement. In 2007 alone, Data Financial purchased nearly $2,000,000 of products from Shuffle Master. Conservatively estimated and exclusive of interest, costs, and attorneys' fees, Data Financial calculates that over the next five years it will lose in excess of $2,500,000 if the court declares that Shuffle Master has complied with the WFDL. *See* Declaration of James Holtz, attached hereto as Exhibit "C".

15. Although Defendant will demonstrate that Plaintiff breached its obligations under the WFDL, the value of the object of Plaintiff's Complaint easily exceeds the $75,000 amount in controversy jurisdictional requirement set forth in 28 U.S.C. § 1332.

16. Accordingly, because the diversity and amount in controversy requirements are satisfied, removal is proper under 28 U.S.C. § 1441(a).

17. This Notice of Removal is submitted to the United States District Court for the District of Nevada subject to the Federal Rules of Civil Procedure, and is signed pursuant to Fed.R.Civ.P. 11.

DATED this 25 day of April, 2008.

SMITH LARSEN & WIXOM

_____
Jay Earl Smith, Esq.
Nevada Bar No. 1182
Jason S. Wilcock, Esq.
Nevada Bar No. 9930
1935 Village Center Circle
Las Vegas, Nevada 89134
and
John Maston O'Neal, Esq.
Nevada Bar No. 5730
Two North Central Avenue
Phoenix, AZ 85004-2391
Attorneys for Defendant
Data Financial Business Services, Inc.

**CERTIFICATE OF SERVICE BY MAIL**

I HEREBY CERTIFY that on this 25th day of April, 2008 a true copy of the foregoing **NOTICE OF REMOVAL** was mailed, postage prepaid, to the following:

> Kirk B. Lenhard, Esq.
> Tamara Beatty Peterson, Esq.
> JONES VARGAS
> 3773 Howard Hughes Parkway
> Third Floor South
> Las Vegas, Nevada 89169
> Attorneys for Plaintiff Shuffle Master, Inc.

_____
an employee of Smith Larsen & Wixom

5